IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JEFFERY ALAN VAUGHN,<br>　　Plaintiff, | : | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | : | |
| SHERIFF BUTCH CONWAY et al.,<br>　　Defendants. | : | CIVIL ACTION NO.<br>1:16-CV-283-WSD-JKL |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Jeffery Alan Vaughn, confined in the Gwinnett County Detention Center in Lawrenceville, Georgia, submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. [Doc. 1.] The Court granted Plaintiff's request for leave to proceed *in forma pauperis* [Doc. 3], and the case is now before the Court for review under 28 U.S.C. § 1915A. For the reasons discussed below, the undersigned recommends that this action be dismissed as frivolous.

I.　Standard of Review

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2). A claim is frivolous when it "lacks an arguable

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*,

261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

II.   Discussion

Plaintiff brings this action against the following Defendants: Gwinnett County Sheriff Butch Conway; Clerk of Courts Richard Alexander; District Attorney Danny Porter; Assistant District Attorney Marlene Zester; Superior Court Judge Ronnie K. Batchelor; and Probation Officers Dawn Corbin and Dawn Morahan. [Doc. 1 at 1, 9.] Plaintiff states that he was arrested for a "technical probation violation" on March 10, 2014. [*Id.* at 3.] Judge Batchelor sentenced Plaintiff to one year of confinement on March 27, 2014. [*Id.* at 3-4.] Plaintiff claims that he neither "receive[d] any written notification nor [had] the opportunity to be heard." [*Id.* at 4.] Plaintiff alleges no specific facts regarding any Defendant other than Judge Batchelor. Plaintiff seeks "a jury trial" and monetary relief. [*Id.* at 4-5.]

Plaintiff cannot obtain "a jury trial" or otherwise challenge his conviction in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is sole federal remedy for challenge to fact or duration of confinement). Plaintiff apparently did not appeal or seek habeas corpus relief in state court. Therefore, the District Court should not construe Plaintiff's § 1983 complaint as a 28

U.S.C. § 2254 petition for a writ of habeas corpus because Plaintiff failed to exhaust his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A). In addition, if Plaintiff has already served the one-year sentence imposed on March 27, 2014, for his probation violation, he is no longer "in custody" under that conviction. *See id.* § 2241(c)(3).

Any § 1983 claims that Plaintiff may have in connection with his conviction cannot proceed at this time under *Heck v. Humphrey*, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . .

*Heck*, 512 U.S. at 486-87; *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Plaintiff does not allege that his conviction has been reversed, expunged, or declared invalid by a state tribunal. Plaintiff has also not sought federal habeas corpus relief. It would be futile to grant Plaintiff leave to amend his complaint because *Heck* bars any § 1983 claims that he may have in connection with his conviction. *See Mims v. Anderson*, 350 F. App'x 351, 353 (11th Cir. 2009) (per curiam).

4

III.  Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that this action be **DISMISSED** as frivolous.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 11th day of February, 2016.

JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE