## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JEFFERY ALAN VAUGHN,

        **Plaintiff,**

    **v.**                                **1:16-cv-283-WSD**

SHERIFF BUTCH CONWAY, et al.,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge John K. Larkins III's Final Report and Recommendation [4] ("R&R"), recommending that this action be dismissed as frivolous.

On January 13, 2016, Plaintiff Jeffery Alan Vaughn ("Plaintiff"), a prisoner, proceeding *pro se*, filed his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), alleging that he was sentenced to one year of confinement after being arrested for a "technical probation violation." ([1] at 3-4). Plaintiff claims he neither "receive[d] any written notification nor [had] the opportunity to be heard." ([1] at 4). Although Plaintiff names seven defendants, he alleges specific facts regarding only one of them, Judge Ronnie K. Batchelor. Plaintiff seeks "a jury trial" and monetary relief. ([1] at 4-5).

On February 11, 2016, the Magistrate Judge screened Plaintiff's Complaint and issued his R&R, recommending that this action be dismissed as frivolous.[1] Plaintiff has not filed objections to the R&R, and the Court thus reviews it for plain error.  See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); see also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

The Magistrate Judge found that Plaintiff is barred from seeking monetary damages because he has not sought federal habeas corpus relief and does not allege that his conviction has been reversed, expunged, or declared invalid by a state

---

[1]     A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1).  A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact."  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

tribunal.  See id.  The Magistrate Judge also found that Plaintiff cannot bring a

section 1983 action to obtain "a jury trial" or otherwise challenge his conviction,

because that relief may be sought only through habeas corpus proceedings.  See

Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the

sole federal remedy for challenging the fact or duration of confinement).  The

Magistrate Judge declined to construe Plaintiff's Complaint as a petition for writ of

habeas corpus because Plaintiff has failed to exhaust his remedies in state court.

See 28 U.S.C. § 2254(b)(l)(A).  The Court finds no plain error in these

determinations.[2]

    For the foregoing reasons,

    **IT IS HEREBY ORDERED** that Magistrate Judge John K. Larkins III's

Final Report and Recommendation [4] is **ADOPTED**.

    **IT IS FURTHER ORDERED** that this action is **DISMISSED**.

---

[2]    The Court also notes that Plaintiff has been released from confinement and
has not advised the Court of his current address.  See Vaughn v. Conway et al.,
No. 1:16-cv-501-WSD (N.D. Ga. 2016) (noting Plaintiff was released on
February 26, 2016).  On February 9, 2016, the Magistrate Judge cautioned Plaintiff
that this action may be dismissed for failure to keep the Court apprised of his
address "at all times while this lawsuit is pending."  ([3] at 2).  The Local Rules
also provide that a pro se party must "keep the clerk's office informed of any
change in address" and that failure to do so "shall constitute grounds . . . for
dismissal of the action without prejudice."  LR 41.2(B), NDGa.  Plaintiff's failure
to keep the Court advised of his address constitutes an additional ground for
dismissal.

**SO ORDERED** this 28th day of September, 2016.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE